# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,  )
                          )
v.  ) ID No. 1805013096
                          ) Cr. A. No. IN18-06-0376
PATRICIA KOSTYSHYN,  )
          Defendant. )

Submitted: March 31, 2021
Decided: April 29, 2021

## ORDER

*Upon Defendant Patricia Kostyshyn's Motion for Reargument,*
**DENIED.**

This 28th day of April, 2021, upon consideration of the Defendant Patricia Kostyshyn's *Pro Se* Motion for Reargument of the Court's final disposition of her sentence and its restitution upon discharge from her sentence (D.I. 70), the Commissioner's Report and Recommendation that Ms. Kostyshyn's motion should be **DENIED,** and the record in this case, it appears to the Court that:

(1) In January of 2019, Patricia Kostyshyn was convicted of a single count of felony criminal mischief after a two-day jury trial.[1] She was charged with and

---

[1] Verdict Sheet, *State v. Patricia Kostyshyn*, ID No. 1805013096 (Del. Super. Ct. Jan. 18, 2019) (D.I. 31-32).

-1-

convicted of that crime after she stuffed a rag into a bathtub drain causing it to overflow into the two condominium units below her own.[2]

(2)   Ms. Kostyshyn was sentenced for that conviction in March 2019 to two years imprisonment suspended in whole for one year of supervised probation.[3] There were several conditions associated with her sentence, the most relevant of which here concerns the requirement that Ms. Kostyshyn make restitution totaling $11,700.82 for the damage caused by her criminal mischief—that is $8,152.79 to Governor House Condominiums, $3,048.03 to one of the victim unit owners, and $500.00 to the other.[4]   The Court ordered that Ms. Kostyshyn make her first restitution payment no later than April 1, 2019.[5]   And per her sentencing order, the Court would retain jurisdiction over Ms. Kostyshyn under this sentence to "ensure[e] the payment of costs, fines, [and] restitution . . . until any fine or restitution imposed shall have been paid in full" and that might "includ[e] the entry of a civil judgment pursuant to 11 *Del. C.* [§]4101."[6]

---

[2]   The Delaware Supreme Court's order on direct appeal and the Commissioner's Report and Recommendation on this motion more fully describe the factual background of Ms. Kostyshyn's crime and the investigation thereof. *Kostyshyn v. State*, 2019 WL 6033952, at *1 (Del. Nov. 13, 2019); *State v. Kostyshyn*, 2021 WL 1235734, at *1 (Del. Super. Ct. Mar. 31, 2021).

[3]   Sentencing Order, *State v. Patricia Kostyshyn*, ID No. 1805013096 (Del. Super. Ct. Jan. 18, 2019) (D.I. 50).

[4]   *Id.* at 4.

[5]   *Id.* at 2.

[6]   *Id.*

(3)     Ms. Kostyshyn filed a direct appeal from her conviction and pressed only one issue.  She argued for the first time on appeal that this Court erred by allowing the investigating police officer to testify that Ms. Kostyshyn intentionally caused the property damage at her condominium complex.  According to Ms. Kostyshyn, that testimony invaded the province of the jury to determine intent from the trial evidence.  Said Ms. Kostyshyn then:  even though there was no objection to the challenged trial testimony, its admission and the Court's failure to act upon it *sua sponte* was plain error that warranted reversal of her conviction.[7]  The Delaware Supreme Court found no such error and affirmed Ms. Kostyshyn's conviction.[8]

(4)     Her case was then remanded to this Court[9] and Ms. Kostyshyn continued serving the probated sentence imposed.  Thereafter, violation of probation reports were filed and hearings held that primarily focused on the fact that Ms. Kostyshyn had made little effort to pay her restitution.[10]  Ultimately, because all other conditions of probation had been satisfied, the Court discharged Ms.

---

[7]  *Kostyshyn v. State*, 2019 WL 6033952, at *1

[8]  *Id.* at *2.

[9]  D.I. 61 (Supreme Court Mandate).

[10]  *See* D.I. 62-66.

Kostyshyn from probation[11] and entered a civil judgment on the civil docket of the Court for the balance of the restitution: $11,657.82.[12]

(5)    The day after the civil judgment was docketed, Ms. Kostyshyn filed a motion she styled *a motion for reargument*, but that requested various disjointed forms of relief.[13] She asked for: (a) records from the State's Department of Justice and Office of Defense Services regarding the victims' out-of-pocket costs; (b) her trial counsel's employment contract; and (c) "all records." In Ms. Kostyshyn's view she was due "full access to the entire file" to enable her to "defend and overturn [her] illegal conviction" and "illegal restitution order."[14] And Ms. Kostyshyn asked for both appointment of counsel and recusal of the undersigned judge "for acting arbitrar[ily] and capricious[ly]" when disallowing the testimony of and filings by her brother in the post-trial proceedings of this criminal matter.[15]

---

[11] VOP Sentencing Order, *State v. Patricia Kostyshyn*, ID No. 1805013096 (Del. Super. Ct. Oct. 26, 2020) (D.I. 68-69).

[12] *See* Order of Civil Judgment, *State v. Patricia Kostyshyn*, ID No. 1805013096 (Del. Super. Ct. Nov. 4, 2020) (D.I. 72) (entering civil judgment [Civ. Act. No. N20J-07290] for the remaining unpaid restitution: $8,122.78 to Governor House, $3,036.72 to one victim unit owner, and $498.32 to the other victim unit owner); *see also* DEL. CODE ANN. tit. 11, § 4101(b) (providing that whenever restitution is not paid promptly upon its imposition or in accordance with the terms of the Court's order, the Prothonotary shall cause the judgment to be entered upon the Court's civil judgment docket).

[13] D.I. 70.

[14] *Id.*

[15] *Id.*

(6) That motion was referred to a Superior Court Commissioner in accordance with 10 *Del. C.* § 512(b) and Superior Court Criminal Rule 62 for proposed findings of fact, conclusions of law, and recommendations for its disposition.

(7) The Commissioner docketed her Report and Recommendation on March 31, 2021.[16] The Commissioner recommended that Ms. Kostyshyn's Motion for Reargument and other relief be denied.[17]

(8) "Within ten days after filing of a Commissioner's proposed findings of fact and recommendations . . . any party may serve and file written objections."[18] Neither Mr. Kostyshyn nor the State filed an "objection" to the Commissioner's Report under Criminal Rule 62(a)(5)(ii).

(9) The Court accepts, in whole, the findings of fact and recommendations made by the Commissioner.[19] After a thorough review of the record in this case, the Court finds that Ms. Kostyshyn's reargument motion—where it directly relates to her discharge from probation and the concomitant entry of the civil judgment for the restitution balance—fails to shoulder the substantial burden she must carry under

---

[16] D.I. 46.

[17] *State v. Kostyshyn*, 2021 WL 1235734, at \*3.

[18] Super. Ct. Crim. R. 62(a)(5)(ii).

[19] *Id.* at 62(a)(5)(iv).

this Court's rules.[20] As to remaining issues raised in Ms. Kostyshyn's November 2020 application, the time for challenges to her conviction has passed and the avenues for such relief closed. Moreover, there simply appears no constitutional, statutory, rules-permitted, or other legal basis for grant of one any of Ms. Kostyshyn's strewn prayers for relief.

**NOW THEREFORE**, after careful and *de novo* review of the record in this case, and for the reasons stated in the Commissioner's Report and Recommendation of March 31, 2021, Ms. Kostyshyn's Motion to Reargue is **DENIED**.

**SO ORDERED this 29th day of April, 2021.**

*/s/ Paul R. Wallace*
Paul R. Wallace, Judge

Original to Prothonotary

cc: Hon. Janine M. Salomone
Matthew B. Frawley and Matthew F. Hicks, Deputy Attorneys General
Patricia Kostyshyn, *pro se*

---

[20] *State v. Binaird*, 2016 WL 1735504, at *1 (Del. Super. Ct. Apr. 26, 2016) ("Delaware law places a heavy burden on a [party] seeking relief pursuant to Rule 59.") (quoting *Kostyshyn v. Comm'rs of Bellefonte*, 2007 WL 1241875, at *1 (Del. Super. Ct. Apr. 27, 2007)), *aff'd*, 2017 WL 443699 (Del. Jan 18, 2017).